[L. A. No. 18798. In Bank. Apr. 17, 1944.]

WANDA KRAFT et al., Appellants, v. JOSEPH SMITH et al., Defendants; E. C. INNIS, Respondent.

Joseph D. Taylor and John S. Bolton for Appellants.

Fred O. Reed, Richard L. Kirtland and Henry E. Kappler for Respondent.

SCHAUER, J.—This malpractice case presents the problem of proper application of the provisions of sections 379a and 379c of the Code of Civil Procedure, added to the code in 1927, relating to joinder of parties defendant, in the light of the provisions of section 427 of the same code, relating to joinder of causes of action. The latter section was enacted in 1872 and, except as hereinafter mentioned, has not been amended since 1915.

Plaintiffs, husband and wife, have joined as defendants in one action Drs. Joseph Smith and E. C. Innis, physicians and surgeons, who, independently of each other, treated plaintiff wife at different times and places, but the treatment of each of whom, it is alleged, contributed to aggravating certain injuries she had previously received. Dr. Innis filed a general and special demurrer to the second amended complaint, specifying as grounds of special demurrer that there was a misjoinder of parties defendant and of causes of action and that uncertainties appeared in various particulars. From a judgment entered on an order sustaining the demurrer *without leave to amend,* plaintiffs appeal.

In count one of their pleading plaintiffs allege that on June 15, 1940, defendant Smith, practicing in Bakersfield, California, was employed to treat certain injuries which immediately theretofore had been sustained by plaintiff Wanda Kraft, including a broken ankle, a broken leg, and a fractured knee; that she received negligent and improper treatment from such defendant and thereby suffered further injury.

The allegations of count two are not here in issue and need not be discussed.

In count three it is alleged that on June 24, 1940, plaintiffs employed defendant Innis, practicing in Newhall, California (approximately 65 miles from Bakersfield and in a different county), to treat the same injuries of plaintiff wife which had been treated by defendant Smith; that she received negligent and improper treatment from defendant Innis and was damaged thereby to such an extent that, among other consequences, her right leg was made permanently shorter than her left leg; and "that the plaintiffs are in doubt as to whether they are entitled to redress from the defendant Joseph Smith or the defendant Innis, or both of them, for the resultant injuries, in that these plaintiffs are unable to presently ascertain whether or not the final result of the

negligence herein alleged was caused by the negligence in the treatment by defendant Joseph Smith, or the negligence in the treatment by the defendant E. C. Innis, or the negligence of both of them and for that reason both defendants have been joined herein with the intent that the question as to whether both of said defendants are, or one of them is, liable to the plaintiffs and to what extent, and that said liability may be determined in this action and that the Court may award judgment to the plaintiffs as against the defendants either jointly, severally, or in the alternative.''

Count four incorporates all of the allegations of the first and third counts, and in addition alleges that ''as a direct and proximate result of the negligence and carelessness of the defendants, and each of them, plaintiff Roy Kraft has been forced to incur certain medical expenses and will be forced to incur additional medical expenses in an amount not now ascertainable, and plaintiff will ask leave to insert the amount when the same is ascertained.''

Respondent (defendant Innis) contends that inasmuch as joint negligence between him and defendant Smith is not alleged and the tort of which each is accused is separate and independent, the causes of action based on such separate torts may not properly be joined in one action. We have concluded, however, that by virtue of the provisions of sections 379a and 379c of the Code of Civil Procedure joinder is now permitted under the circumstances here alleged. Those sections read as follows:

Section 379a: ''All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgments may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities.''

Section 379c: ·''Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties.''

Respondent argues that the requirement of section 427 of the Code of Civil Procedure that the causes of action which it provides may be united ''must affect all the parties to the action'' controls over the more liberal and more recently enacted sections 379a and 379c. A similar contention

was made in *Peters* v. *Bigelow* (1934), 137 Cal.App. 135, 141 [30 P.2d 450], with regard to the effect to be given to section 378 of the Code of Civil Procedure, which deals with joinder of parties plaintiff and which was amended into its present form in 1927, as a part of the same procedural reform program in which sections 379a and 379c were adopted. In considering the relationship thereafter existing between sections 378 and 427, the court in that case held (p. 141 of 137 Cal. App.): "It is plain that it was the intention of the Legislature in amending section 378 in 1927 to except from the requirements of section 427 those cases coming within the provisions of section 378. To hold otherwise would give no effect whatever to the amendment of 1927 to section 378." In that case the court also held that the 1931 amendment to section 427, relating to conspiracy cases, did not serve to re-enact the requirement here under discussion or to impliedly repeal section 378. Upon the same reasoning it must be held here that sections 379a and 379c have not been repealed by the amendment mentioned. It is furthermore to be noted that section 379b, likewise enacted in 1927, expressly provides that "It shall not be necessary that each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him. . . ." This court, in *Kane* v. *Mendenhall* (1936), 5 Cal.2d 749, 755 [56 P.2d 498], stated that "In *Peters* v. *Bigelow, supra,* where the court upheld joinder under section 378 of the Code of Civil Procedure, as amended in 1927, of plaintiffs who had separate causes of action against defendant for false imprisonment growing out of the same transaction, it was said that the effect of the amendment was to except from the requirements of section 427 of the Code of Civil Procedure those cases coming within the provisions of section 378, as amended. It would seem that sections 379a and 379b, added in 1927, and relating to joinder of defendants, would have a similar effect. . . ."

We are satisfied that the same view, applied to the instant case, is determinative of the problems here presented, and that the joinder invoked by plaintiffs falls squarely within the provisions of sections 379a and 379c. The doubt which plaintiffs allege "as to the person from whom . . . [they are] entitled to redress" (sec. 379c), thus necessitating that relief be sought from the two defendants either "jointly, severally or in the alternative" (sec. 379a) can well be under-

stood under the circumstances, and to require that separate actions be brought, in both of which actually, as a practical matter, both defendants would be substantially interested, would be to impose inefficient procedure and unnecessary waste of time and money upon all parties concerned and the state itself. It would appear that one of the chief purposes of the new sections—379a, 379b and 379c—is to avoid just such multiplicity of actions. As early as 1891 this court intimated the need for some such legislation in furtherance of justice. In *Miller* v. *Highland Ditch Co.* (1891), 87 Cal. 430 [25 P. 550, 22 Am.St.Rep. 254], several separate and independent ditch owners, not acting in concert of action or design, caused ''foreign water'' to flow onto plaintiff's land. It was held that as the law then stood an action at law for damages could not be maintained against the several defendants jointly, but in so holding the court remarked that (p. 434 of 87 Cal.) ''. . . we must declare the law as we find it. If the law were changed so that in a case like the one at bar a several judgment could be given against each defendant for the proportionate part of the joint damage which his individual acts had caused, it may be that such change would be in furtherance of justice.'' In the same vein are the observations in *Joerger* v. *Pacific Gas & Electric Co.* (1929), 207 Cal. 8, 19-20 [276 P. 1017], that ''One of the objects of the reformed or code procedure is to simplify the pleadings and conduct of actions, and to permit the settlement of all matters of controversy between parties in one action, so far as may be practicable. . . . To permit a joinder where possible makes manifestly for the expeditious disposition of litigation without working hardship to any party defendant, and for this reason statutes relating to joinder should be liberally construed, unless expressly forbidden, to the end that a multiplicity of suits may be prevented.'' (See, also, *Morris* v. *Duncan* (1936), 14 Cal.App.2d 635, 638, 639 [58 P.2d 669].)

Although the complaint before us is far from being a model of clarity, conciseness, or consistency, it does fairly appear therefrom that plaintiff Wanda Kraft sustained certain severe physical injuries, that the defendants were severally and successively employed to treat such injuries, that each defendant was negligent in the treatment he administered, and that as a proximate result of the negligence of one or the other or both of the defendants the plaintiff Wanda Kraft sustained further injury, i. e., a condition necessitating the

rebreaking of one or both of her legs, the permanent shortening of one leg, etc. Certainly neither defendant is liable for any injury caused by the independent tort of his co-defendant, to which he himself did not proximately contribute. If upon the trial it develops that neither defendant was guilty of negligence then no prejudice will have been occasioned by their joinder in the one action. If it develops that only one defendant was negligent in his treatment the assessment of the verdict will be simple. If, on the other hand, it appears that negligence of both defendants contributed proximately to cause an injury for which plaintiff is entitled to recover, it may be a matter entailing great difficulty of proof as to the amount in which each defendant is responsible. (*Cf. Slater* v. *Pacific American Oil Co.* (1931), 212 Cal. 648 [300 P. 31].) To require separate actions and separate trials in such a situation would enhance the difficulties of proof and tend to obstruct, rather than to promote, justice. The facts that defendants reside (and practice) in different counties and that one of them may have to attend court and present his defense in a county other than that of his residence, present a consideration which must be presumed to have been hypothetically weighed by the Legislature in enacting the law. The axiology of the matter was for that body; the consideration stated would not authorize this court to so circumscribe the enactment by "interpretation" as to defeat its application in such cases. Certainly there are cogent reasons why it should be applied. Through having both defendants before the court at the same time and in the same action it can be expected more sanguinely that a jury should arrive at soundly based and just verdicts.

The facts that defendants are not joint tort feasors but independent wrongdoers, and that their negligence operated successively rather than concurrently in time to produce the injury, are not vetitive of the right of joinder. The salutary procedure afforded by sections 379a, 379b and 379c of the Code of Civil Procedure is clearly intended to be available upon a showing *either* that the negligence of two or more persons, whether joint, independently concurrent, or successive, contributed proximately to cause the injury for which recovery is sought, *or* that the injury for which recovery is sought was proximately caused by the negligence of one or another or several of two or more persons and, as to each person who is not charged absolutely, that a reasonable

uncertainty, requiring determination of some factual or legal issue, exists in respect to alternative or quantitative liability.

We find nothing in *Ramsey* v. *Powers* (1925), 74 Cal.App. 621 [241 P. 567]; *Busset* v. *California Builders Co.* (1932), 123 Cal.App. 657, 665 [12 P.2d 36]; or *San Francisco M. Co. Ltd.* v. *Mordecai* (1933), 134 Cal.App. 755 [26 P.2d 669], which constitutes authority contrary to the views we have expressed hereinabove. The Ramsey case was decided in 1925, two years before the adoption of the statutes which are now controlling. In the Busset case the court, after first pointing out (at p. 664 of 123 Cal.App.) that the objection of misjoinder of parties defendant had been waived, held that no cause of action had been stated against the cross-defendant, one Clausen, on whose behalf such objection might have been urged. There was in the cross-complaint no direct allegation, such as appears in the complaint in the instant case, that such cross-defendant was guilty of negligence or of any other misconduct giving rise to liability upon his part; it was merely alleged by the defendant that plaintiff and cross-defendant Busset *had claimed* that Clausen, and not himself, was the negligent party. It may also be noted that the court there remarked that (p. 670): "The views expressed are not to be construed to imply that a cause of action could not have been stated conjunctively against Busset and Clausen. We have been dealing merely with the cross-complaint as it is, and deem the allegations insufficient as to Clausen to afford grounds for relief against him in the alternative." It is obvious that statements in the opinion in that case relative to the effect of section 379a et sequentia of the Code of Civil Procedure, other than as they concern a pleading which wholly fails to state any cause of action, in the alternative or otherwise, against the challenging party, are dicta and not authority.

In the Mordecai case (1933), *supra,* 134 Cal.App. 755, the question of improper joinder of defendants was raised incident to a motion of one of such defendants for change of venue. The District Court of Appeal describes the complaint in that case (p. 757) as "containing four separate and distinct causes of action against four separate defendants praying separate and distinct relief against each defendant upon the cause of action specially pleaded as to him." After holding that neither the first nor the second count stated any cause of action against anyone, the court continues (p. 760):

"It is argued that the plaintiff was in doubt as to the defendant from whom he is entitled to redress and that, for this reason, the joinder is permissible under section 379c of the Code of Civil Procedure. There is no allegation in any part of the complaint that the plaintiff entertained such doubt. On the contrary, the complaint demonstrates no doubt. . . . Now, if the plaintiff had pleaded any uncertainty as to whether the appellant or either of these named defendants [the defendants named respectively in counts three and four] was liable for the care of the cattle the joinder of these defendants would have been permissible under the code section. Not only does he fail to plead any uncertainty, but his allegations show affirmatively that no uncertainty exists." While further statements in the opinion disclose that counts one and two actually could have been regarded as alternative statements of the same cause of action against different defendants, and that counts three and four also could have been viewed as alternative statements of a single cause of action against different defendants, enough has been quoted to establish that upon the view of the pleading taken by the court it correctly applied the law and declared propositions of law not inconsistent with the rules stated herein. Implications contrary to such rules, which might arise if the language used were viewed as applicable to alternative statements of a single cause of action against different defendants, are disapproved.

Returning to the pleading in the case before us, count three states a cause of action against defendant-respondent Innis and is not improperly joined with count one which states a cause of action against defendant Smith. The fact that some or all of the specified uncertainties in the several counts were justifiably urged as grounds for special demurrer and properly required an order sustaining the demurrer, cannot be availed of to support the judgment, which is based on the order sustaining the demurrer *without leave to amend.* The denial of permission to amend was probably based on the view that Drs. Innis and Smith could not, under the circumstances pleaded, be joined as parties defendant in the same action. That position, as we have shown, is not sustainable. Hence the judgment must be reversed because it would be an abuse of discretion not to grant plaintiffs leave to amend for the purpose of removing mere uncertainties in the phraseology of expression of their causes of action. (See

*Guilliams* v. *Hollywood Hospital* (1941), 18 Cal.2d 97, 104 [114 P.2d 1]; *Olivera* v. *Grace* (1942), 19 Cal.2d 570, 579 [122 P.2d 564, 140 A.L.R. 1328]; *Wilkerson* v. *Seib* (1942), 20 Cal.2d 556, 564 [127 P.2d 904]; *Wennerholm* v. *Stanford Univ. Sch. of Medicine* (1942), 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].)

The judgment is reversed with directions to the trial court to grant the plaintiffs a reasonable time within which to prepare, serve, and file a further complaint, amended in such particulars as plaintiffs may be advised.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.