[Civ. No. 7443.   Third Dist.   July 16, 1948.]

DALLMAN SUPPLY CO. (a Corporation), Plaintiff and Appellant, v. A. W. SWEET, Defendant and Appellant; ROYAL AIR CONDITIONING EQUIPMENT COMPANY (a Corporation), Respondent.

Matt Wahrhaftig, Ridley Stone and McKee, Tasheira & Wahrhaftig for Plaintiff and Appellant.

John F. Downey and Downey, Brand, Seymour & Rohwer for Defendant and Appellant.

McGilvray & McGilvray and J. Harold Decker for Respondent.

PEEK, J.—This is an appeal by the plaintiff Dallman Supply Company (referred to hereinafter as Dallman) and by defendant A. W. Sweet from an order granting the motion of defendant Royal Air Conditioning Equipment Company (here-

inafter referred to as Royal) for a change of venue from the county of Sacramento where the action was commenced and where the defendant Sweet resides, to Los Angeles County, the principal place of business of defendant Royal. From our examination of the record as set forth in the clerk's transcript it appears that said order of the trial court granting said motion should be reversed.

Plaintiff's complaint, which is entitled "COMPLAINT FOR DECLARATORY RELIEF, FOR MONEYS DUE AND FOR DAMAGES," alleges that plaintiff's assignor by a written contract agreed to furnish defendant Sweet evaporative coolers and electric motors of one-sixth or one-eighth horsepower in accordance with government specifications for installation at a federal housing project at Herlong, California. By a second-written contract Dallman agreed to purchase and Royal agreed to supply the motors so specified. After delivery at Herlong and after payment it was discovered that the motors were not as specified but were of one-fourth horsepower, and as a result were rejected by the federal agency. Plaintiff immediately advised Royal of the rejection, and both parties endeavored to obtain motors of the specified horsepower but were unable to do so because of the war emergency. Ultimately the urgent nature of the use compelled the acceptance by the authority of the larger motors but subject to revised specifications, thereby increasing the cost of installation, which cost Sweet was informed would have to be borne by him. Plaintiff was given notice by Sweet that he would so install the motors and would charge the additional cost to plaintiff. Accordingly thereafter Sweet withheld the cost of the revised installation from the purchase price of the motors. Plaintiff meanwhile had informed Royal that in turn it would hold said defendant liable for the additional cost.

The plaintiff further alleges that a controversy now exists between itself and Sweet and between itself and Royal as to the meaning and interpretation of the specifications relating to the motors; the issue in said controversies being the intent of the provision as to the specifications, i. e., whether there was or was not performance by Royal by furnishing and delivering the one-fourth horsepower motors, that if by such delivery Royal substantially performed, then there is no basis for the withholding by Sweet from the purchase price thereof the amount of the increased installation cost, and in such event the unpaid belance of the purchase price is due and owing by him

to plaintiff; that if such delivery by Royal was not substantial performance of the terms of the contract then plaintiff has been damaged by Royal in a like sum.

The complaint concludes that the allegation that although plaintiff is entitled to redress it is in doubt as to which one of the defendants should be held and therefore it seeks by declaratory relief to have the court declare the meaning of the specifications and in the alternative for money due from Sweet on the original purchase price of the motors or damages against Royal for its failure to comply with said contract.

Thus it appears first, that by declaratory relief plaintiff seeks to have determined the controversy which it alleges in fact exists between itself and Sweet and between itself and Royal concerning the question of performance of the contracts and second, because of the resulting doubt as to which one of the defendants is liable it has alleged a cause of action "for money due" against Sweet or "for damages" against Royal and has joined both of them under the provisions of section 379c of the Code of Civil Procedure.

■ It is well established that a complaint for declaratory relief is "legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court." (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062].) The complaint herein recites in detail the dispute between the parties under the specifications set forth in the contracts and prays for a declaration of those rights and duties, and therefore, under the rule as stated, sufficiently complies with the provisions of section 1060 of the Code of Civil Procedure.

■ What may be the ultimate result after a trial on the merits of the alleged controversy is immaterial at this stage of the proceedings for, as was said in the case last cited (23 Cal.2d, at pp. 728 and 730), said section 1060 contains no suggestion that the pleader must allege facts entitling it to a favorable declaration nor have our courts so held.

The remaining question presented relates to the applicability of said section 379c to the facts alleged in plaintiff's cause of action "for moneys due" from Sweet or "for damages" from Royal.

The section in question provides that "Where the plaintiff is in doubt as to the person from whom he is entitled to re-

dress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties.''

■ Our courts have consistently held that the sections of the Code of Civil Procedure amended or added by the statutes of 1927 (378 et seq.) should be liberally construed, permitting joinder whenever possible in furtherance of the objects of the reformed procedure, to simplify the pleadings and conduct of actions, and so far as practicable to permit the settlement of all matters of controversy between the parties in one action. (*Joerger* v. *Pacific Gas & Electric Co.*, 207 Cal. 8 [276 P. 1017]; *Kraft* v. *Smith*, 24 Cal.2d 124 [148 P.2d 23].)

■ Here the plaintiff has in apparent good faith stated a cause of action against the resident defendant Sweet. Neither the sufficiency nor good faith thereof can be denied in this proceeding. (*McClung* v. *Watt*, 190 Cal. 155 [211 P. 17]; *Harbinson* v. *Affeldt*, 75 Cal.App.2d 499 [171 P.2d 474]; *Nelson* v. *Marsh*, 100 Cal.App. 578 [280 P. 695].)

■ Particularly plaintiff has alleged the facts surrounding the specifications set forth in the contracts, thereby associating both defendants in the chain of circumstances underlying the ills of which it complains (*Busset* v. *California Builders Co.*, 123 Cal.App. 657 [12 P.2d 36]) and, in accordance with the provisions of said section, also has alleged its doubt as to the defendant from whom it is entitled to redress, necessitating the joinder of both parties, or in other words, that there exists a reasonable uncertainty, requiring determination of some factual or legal issue, in respect to the alternative or quantitative liability of said defendants. (*Kraft* v. *Smith, supra.*) The observations of the court in that case would appear to bring the joinder invoked by plaintiff herein squarely within the provisions of said section 379c. And we might add would also appear to more than meet the requirement stated in the McClung case, that the allegations must at least ''shadow forth the semblance of a cause of action'' against the resident defendant thereby making him a necessary defendant against whom a change of venue may not be granted upon motion of the nonresident defendant. (*Freeman* v. *Dowling,* 219 Cal. 213 [25 P.2d 980]; Code Civ. Proc., § 395.)

For the foregoing reasons the order is reversed.

Adams, P. J., concurred.