[Civ. No. 26379.   Second Dist., Div. One.   Sept. 11, 1962.]

THOMAS HOAG, JR., Petitioner, v. THE SUPERIOR
COURT OF LOS ANGELES COUNTY, Respondent;
IRVING W. HALL et al., Real Parties in Interest.

612

Mel Pierovich for Petitioner.

No appearance for Respondent.

A. L. Wirin, Fred Okrand and Neiman & Sieroty for Real Parties in Interest.

THE COURT.—This is a petition for writ of mandate to direct respondent court to transfer action now pending in the Los Angeles Superior Court against this petitioner to the Superior Court of the County of Orange.

On September 6, 1961, the real parties in interest herein, Irving W. Hall, George F. Murray and Robert J. Meisenbach, hereinafter referred to as plaintiffs, commenced an action

seeking damages against each of four defendants, one of whom is petitioner, upon asserted grounds of invasion of privacy.

The complaint contains twelve causes of action, one on behalf of each of the three plaintiffs against each of the four defendants. The first cause of action is plaintiff Hall versus defendant Graybill, and since most of the allegations thereof have been incorporated in all other causes they will be set forth at length. It is alleged in paragraph II thereof that plaintiff is a citizen of the United States; that he is a graduate of the University of California, the recipient of a fellowship at said university, and a part-time reader at said university in Berkeley, California. Paragraph III alleges that defendant D. B. Graybill is a resident of Los Angeles County and that the acts complained of therein were committed by said defendant in said county. Paragraph IV alleges that on May 13, 1960, the plaintiff, along with a large number of others, was arrested by officers of the San Francisco Police Department during a disturbance when the Committee on Un-American Activities of the House of Representatives held hearings in San Francisco; that plaintiff was released from police custody and all charges against him were dismissed; that in connection with the aforesaid arrest, a photograph of the plaintiff, ''commonly called a 'mug-shot' was taken by officers of the San Francisco Police Department; it was taken solely for the confidential use of the police department of San Francisco and/or other police authorities; and, even for that purpose, it was taken without the consent of the plaintiff; it was not taken for the purpose of assisting any private citizen in maliciously harassing the plaintiff.''

Paragraph V thereof alleges, upon information and belief, that the defendant surreptitiously secured from the San Francisco Police Department a copy of the mug-shot of plaintiff, along with similar mug-shots of a large number of other persons arrested on the aforesaid occasion, for the purpose of maliciously harassing the plaintiff. In paragraph VI it is alleged: ''On April 20, 1961, at the Emerson Junior High School, in West Los Angeles, California, the defendant exhibited to a large public audience present at said school, at a public meeting thereat, a copy of the 'mug-shot' of the plaintiff aforesaid. A copy of the document containing said 'mug-shot,' exhibited by the defendant, is annexed hereto marked Exhibit 'A' and incorporated by reference.'' Paragraph VII alleges that the acts of the defendant aforesaid invaded and abridged the plaintiff's right to privacy, all to

his damage in the sum of $25,000 (paragraph VIII). Paragraph IX asserts that plaintiff is entitled to punitive damages of $25,000.

The second cause of action is by Hall against defendant Allbright. It is alleged in paragraph II thereof (which is incorporated in all other causes of action) that "[t]he claim which is the subject matter of this cause of action, arises out of the same transaction set forth in the First Cause of Action, and involves the same subject matter." After incorporating therein paragraphs II, IV, V, VI, VII, VIII and IX of the first cause, it is alleged that defendant is a resident of Los Angeles County; and that "On June 30, 1961, at a public meeting held at the Silver Spur Elementary School in Palos Verdes, Los Angeles County, said defendant exhibited to a large audience present at said meeting, an enlarged framed reproduction, approximately one and a half (1½) feet by two (2) feet in size, of Exhibit 'A' annexed hereto, and containing the 'mug-shot' aforesaid of the plaintiff."

The third cause of action is by plaintiff Hall against Thomas Hoag, Jr., petitioner herein. It incorporates by reference, paragraphs II, IV, V, VI, VII, VIII and IX of the first cause of action, and paragraph II of the second cause of action. Paragraph III alleges: "On the evening of March 12, 1961, at the Watchorn Auditorium, at the University of Redlands, California, at a public meeting being held there, said defendant distributed to a number of persons present at said meeting copies of Exhibit 'A' aforesaid containing the police 'mug-shot' of the plaintiff aforesaid." There is no allegation as to this defendant's residence.

The fourth cause of action by Hall against defendant Martinez incorporates by reference the same allegations of the first and second causes as in the above causes, and in paragraph III thereof alleges: "The defendant Frank C. Martinez is a private citizen. He is editor of, and publisher of, a publication, 'Americans on Guard.' In the May-June Edition of said publication, said defendant published a copy of Exhibit 'A' aforesaid; and caused copies of said publication to be distributed in Costa Mesa, California, and in other places in California."

The fifth, sixth, seventh and eighth causes of action are by plaintiff George F. Murray, and by way of incorporation by reference allege against the four defendants, respectively, in the order above set forth, causes of action identical to those set forth in the first four causes. Similarly, the ninth,

tenth, eleventh and twelfth causes of action contain identical allegations against the four defendants by plaintiff Robert J. Meisenbach.

It is thus seen that each plaintiff has set forth an identical cause of action against petitioner based upon his activities of March 12, 1961, at the University of Redlands. These are contained in the third, seventh and eleventh cause of action, which petitioner seeks to have transferred to Orange County.

At the time he demurred to the complaint, petitioner filed his motion to strike and a motion to change venue from Los Angeles to Orange County upon the ground of his residence there. The motion to strike was denied, as was the motion for change of venue "for the reason set forth in *Monogram Co.* v. *Kingsley*, 38 Cal.2d 28 [237 P.2d 265]." On the same date the court overruled the demurrer to the complaint. Pursuant to section 400 of the Code of Civil Procedure, the within petition for a writ of mandate was filed. An alternative writ issued and all proceedings in the court below stayed pending final determination herein.

In support of the motion for change of venue petitioner filed a sworn statement in which he avers that at the time of the commencement of this action, and at all times subsequent thereto, he has been and now is a resident of Orange County; that "prior to the 21st day of October, 1961, (which is a date subsequent to the filing of the complaint) I had never known, met or seen either defendant D. B. Graybill or defendant Ruth Allbright, and that I had never heard of either of them or communicated with them prior to the commencement of this action"; that he "never acted in concert or in conjunction with or discussed any of the matters referred to in this action prior to the commencement thereof with defendant Frank C. Martinez"; that he "was not on April 20, 1961, or at any other time, ever present at the Emerson Junior High School at West Los Angeles and that I did not thereat exhibit to a large public audience, or to anyone, a 'mug-shot' of any of the plaintiffs in this action"; that "on the evening of the 20th day of April, 1961, I was in attendance at a meeting of Nimrod Post of the American Legion, Long Beach, California."

Conceding that it has been established that at least one of the defendants, Ruth Allbright, is a resident of Los Angeles County, petitioner nevertheless contends that there has been an improper joinder and that such residence should not be considered in the determination of his right to have his action tried in the County of Orange.

Section 395 of the Code of Civil Procedure provides, so far as is pertinent here, as follows: "(1) In all other cases, except as in this section otherwise provided, and subject to the power of the court to transfer actions or proceedings as provided in this title, the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action." ▮ And it is the well-settled rule that "[a] defendant is not entitled to have a suit removed to the county of his residence unless it appears that none of the other defendants who are proper parties is a resident of the county in which the action was filed. [Citations.]" (*Rudnick* v. *Delfino,* 140 Cal.App.2d 260, 265 [294 P.2d 983].)

Such is the rule of *Monogram Co.* v. *Kingsley, supra,* 38 Cal. 2d 28. It was there held, after stating the above general rule, that "[e]ven when all of the defendants join in a demand for or consent to a change of venue the cause will be retained if the complaint attempts in apparent good faith to state a cause of action against a defendant who resides in the county where the action was commenced." (P. 30.) The case involved a complaint containing 20 counts, in 12 of which the resident defendant, Lewis, was named with some of the nonresident defendants. The court specifically states that no contention was made that Lewis was identifiable with either of the objectionable considerations authorizing disregard of his residence in determining the nonresident plaintiffs' right to choose venue, as provided in the last sentence of section 395, subdivision (1): "If any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county, city and county, or judicial district where he resides, his residence must not be considered in determining the proper place for the trial of the action."

▮ It is further established that if the principles relating to joinder of parties defendant[1] (Code Civ. Proc., §§ 379,

---

[1]Section 379: "WHO MAY BE JOINED AS DEFENDANTS. Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. And in an action to determine the title or right of possession of real property which, at the time of the commencement of the action, is in the possession of a tenant, the landlord may be joined as a party defendant." Section 379a: "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgments may be given against one or more of the defendants as may be found to be liable, according to their respective liabilities." Section 379b: "It shall not be necessary that each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him; but the court

379a, 379b and 379c) have been satisfied, there is no improper joinder of causes of action[2] (Code Civ. Proc., § 427). (*Kraft v. Smith,* 24 Cal.2d 124, 128 [148 P.2d 23].)

■ However, as stated in Witkin, California Procedure, volume 1, section 240(b), page 755: "The converse of the above rule is that where the action or the joinder is not in good faith and is designed to defeat the normal right of one or more defendants to a trial at residence, venue may be changed, i.e., the residence of a defendant improperly joined will not be sufficient to establish venue. This limitation is stated in C.C.P. 395, as follows: 'If any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county . . . where he resides, his residence must not be considered in determining the proper place for the trial of the action.' "

■ Plaintiffs, as aforesaid, have incorporated into all causes of action paragraph VI of the first cause in which it is alleged that defendant on April 20, 1961, exhibited a copy of the "mug-shot" at the Emerson Junior High School in West Los Angeles. Petitioner, by his uncontradicted sworn statement, has shown that this allegation does not pertain to him. Likewise, by a similar incorporation of paragraph II of the second cause, it is alleged that the subject matter of each cause of action arises out of the same transaction set forth in the first cause. Whether the foregoing allegations were made inadvertently or otherwise, they are purely fictitious. Real parties in interest concede that said complaint contains "twelve (12) separate distinct causes of action as each of the three plaintiffs set forth a separate and distinct cause of action against each defendant"; also, that "the basis for each cause of action is predicated upon the alleged displaying by the de-

---

may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest." Section 379c: "Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties."

[2]Code of Civil Procedure, section 427 provides that "plaintiff may unite several causes of action in the same complaint, where they all arise out of: . . . 8. Claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section. . . . The causes of action so united must all belong to one only of these classes except as provided in cases of conspiracy, and must affect all the parties to the action, and not require different places of trial, . . ."

fendants on separate dates and at different locations of 'mug' shots of the plaintiffs.''

It is clear that the defendants acted in four entirely different transactions independently of each other. The action of petitioner alleged in the third, seventh and eleventh causes of action constitutes a separate transaction wholly distinct as to time and place from the events involved in the remaining causes. Thus there has been a misjoinder of causes of action. (See *Oppenheimer* v. *Ashburn,* 173 Cal.App.2d 624, 634 [343 P.2d 931].) Real parties in interest in effect concede this point, for they state: ''The true issue, then, before the court is: Has there been a proper joinder of defendants?'' Reliance is placed upon the liberality of the rules governing joinder of parties expressed in *Kraft* v. *Smith, supra,* 24 Cal.2d 124, 128; *Lawler* v. *Gleason,* 130 Cal.App.2d 390, 393-394 [279 P.2d 70]; *Peters* v. *Bigelow,* 137 Cal.App. 135 [30 P.2d 450]. They particularly rely upon section 379b, providing that it shall not be necessary that each defendant shall be interested as to *all* relief prayed for or as to *every* cause of action, and upon the holding of the *Kraft* case, based upon its forerunner, *Peters* v. *Bigelow,* 137 Cal.App. 135 [30 P.2d 450], to the effect that it was the legislative intent to except from the provisions of section 427 (''must affect all the parties to the action'') those cases coming within the provisions of sections 379a, 379b and 379c, and that the purpose of the latter sections is to avoid multiplicity of actions.

Although the modern joinder statutes are to be liberally construed and applied,[3] neither the statutes nor the case law in California permit unlimited joinder. It is pertinently stated in California Pleading, by Chadbourn, Grossman and Van Alstyne, section 618, page 535: ''Although it is frequently stated that defendants may be joined even though each named defendant is not a party to, or interested in or affected by every count pleaded in the complaint . . , *the holdings seem to demand that there be some sort of factual 'nexus' connecting or associating the claim pleaded against the several defendants.*'' (Emphasis added.)

In the instant case, there is no allegation of conspiracy, community of interest, or concerted action in any

---

[3]Compare *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579, 582 [127 P.2d 924, 141 A.L.R. 1173], wherein it is stated that '' [s]ection 396b of the Code of Civil Procedure permitting the defendant to have certain actions tried in the county where he resides is remedial in nature and should be liberally construed to the end that a defendant may not be unjustly deprived of that right.''

respect. The complaint demonstrates no doubt as to the person from whom plaintiffs claim they are entitled to redress; nor is there any showing that the acts of defendants operated successively "to cause the injury for which recovery is sought." (*Kraft* v. *Smith, supra.*) There is no one cause in which all defendants are interested or affected (*Monogram Co.* v. *Kingsley, supra*; *Lawler* v. *Gleason, supra*). Causes of action three, seven and eleven herein involve this petitioner only, and petitioner is not named or affected by any of the remaining causes. Cited by the court in *Monogram Co.* v. *Kingsley* is *Stokes* v. *Newsom,* 89 Cal.App.2d 147 [200 P.2d 17], wherein the first three counts sounded in contract and involved nonresidents, stating no cause of action against Coffee, the resident defendant; however, the fourth count alleging fraud involved Coffee as well as the nonresident defendants, and for this reason it was held that a nonresident defendant did not have the right to have the action removed to the county of his residence. The court states (pp.149-150) : "It is readily apparent from an examination of the complaint that if it went no further than the first three causes of action . . . it would be fatally defective. . . . However, by virtue of the fourth cause, which is based upon an alleged fraud of the resident defendant Coffee and the nonresident defendant and appellant Newsom the action is properly triable in Stanislaus County, it being 'the county in which the defendants, or some of them, reside at the commencement of the action,' and therefore the trial court properly denied the motion. (Code Civ. Proc., § 395.)"

Pertinent to this discussion is *San Francisco M. Co. Ltd.* v. *Mordecai,* 134 Cal.App. 755 [26 P.2d 669], wherein it was held that there was an improper joinder of defendants and change of venue was granted. It is stated at page 760: "Here the complaint really pleads four separate and distinct actions, each praying for distinct relief against each of the four defendants separately. As no cause of action is pleaded against any one of the defendants in conjunction with any other and as no relief is sought against anyone under any of the counts in which he is not named as defendant, no defendant is a necessary party to any one of the causes of action other than the one in which he alone is sued." And at page 762: "Here the relief is not sought in the alternative. Separate judgments are demanded against each defendant separately on each cause of action. There is no doubt or uncertainty as to the want of liability of the appellant under

any one of the three succeeding causes of action. There is likewise no doubt or uncertainty as to the want of liability of the three other defendants under the first cause of action. [Citations.] For the reasons given it is apparent that the actions seeking damages for the conversion of the cattle are in nowise related to the cause pleaded against the appellant, but have been joined with that cause of action for no other purpose than that of fixing the venue outside of the county of appellant's residence." In *Kraft* v. *Smith, supra,* the court makes reference to this case and states (p. 132) that upon the view of the pleading taken by the court, i.e., that the complaint contained four separate and distinct actions, each praying for distinct relief against each of the four defendants separately, "it correctly applied the law and declared propositions of law not inconsistent with the rules stated herein."

The existence of possible common questions of law and fact is insufficient in itself to permit joinder. (See *Coleman* v. *Twin Coast Newspapers, Inc.,* 175 Cal.App.2d 650, 654 [346 P.2d 488].) At this point we deem it appropriate to state that the occurrences in San Francisco which are pleaded in the complaint do not constitute the "main transaction" giving rise to the alleged invasion of privacy.

"The interest protected by the right of privacy is the right to be free from unwarranted publicity, from the wrongful publicizing of the *private* affairs and activities of an individual which are outside the realm of legitimate public concern." (*Smith* v. *National Broadcasting Co.,* 138 Cal. App.2d 807, 811 [292 P.2d 600]. See also *Coverstone* v. *Davies,* 38 Cal.2d 315, 322-323 [239 P.2d 876]; *James* v. *Screen Gems, Inc.,* 174 Cal.App.2d 650, 653 [344 P.2d 799].) Liability depends upon the use made of the pictures. (*Sellers* v. *Henry* (Ky.) 329 S.W.2d 214.)

There is here not only misjoinder of causes of action, but improper joinder of defendants, and petitioner is entitled to have the action against him tried in the County of Orange.

Let a peremptory writ issue directing the respondent court to make and enter an order removing the third, seventh and eleventh causes of action of that certain action entitled *"Irving W. Hall, George F. Murray and Robert J. Meisenbach,* Plaintiffs, versus *D. B. Graybill, Ruth Allbright, Thomas Hoag, Jr., and Frank C. Martinez,* Defendants" being action Number 779135, to the Superior Court of the State of California, for the County of Orange.