[Civ. No. 32560.   Second Dist., Div. Four.   Apr. 14, 1969.]

SOUTHERN CALIFORNIA EDISON COMPANY, Plaintiff and Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants and Respondents.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Rollin E. Woodbury, Chase, Rotchford, Drukker, Bogust & Tucker, Lawrence O. de Coster and Henry J. Bogust for Plaintiff and Appellant.

Spray, Gould & Bowers, Daniel O. Howard, Early, Maslach, Foran & Williams and Kenneth H. Wechsler for Defendants and Respondents.

JEFFERSON, J.—Plaintiff appeals from the judgment of dismissal entered upon the sustaining of general and special demurrers of the defendant insurance companies to its complaint, the general demurrers being sustained without leave to amend.

In the complaint plaintiff sought declaratory relief, an injunction and damages against the three named insurance companies and a number of their insureds. It is alleged that the insured defendants at different times and places damaged plaintiff's property (telephone poles) through the negligent operation of their respective motor vehicles. An exhibit attached to the complaint lists 17 such accidents for which plaintiff has made claims for damages. On some of the claims suits have been filed in the municipal court and the actions are now pending.

Plaintiff further alleges that, as part of the damages recoverable on each claim, it is entitled to certain overhead expenses, namely, the costs of tools used to make the repairs, the costs of supervision and administrative expenses; that the defendant insurance companies have admitted their responsibility, by reason of the acts of their insureds, to reimburse plaintiff for its claims but have rejected the claims upon the sole ground that the tool, supervision and administrative expenses are not proper elements of recoverable damages; that plaintiff has refused to accept the amounts offered in settlement of these claims which do not include these overhead expenses and, on some of the claims, has commenced suit to recover the full amounts; in the past, in the majority of actions plaintiff has instituted, it has recovered either at the trial or on appeal the total amount of its claimed damages.

The complaint contains the additional allegations that defendant insurance companies have adopted a course of tactics designed to discourage plaintiff from recovering that to which it is entitled by conducting repeated discovery proceedings in which identical information is sought, by continually questioning the method of proving the disputed items of damage and by refusing to pay the full amounts due, thus forcing plaintiff to litigate each claim notwithstanding adverse judicial decisions on previous cases involving similar claims. Such

a course of action, plaintiff alleges, is unjust and imposes an unconscionable burden upon plaintiff, the courts and the taxpayers.

To prevent such action on defendants' part, both as to the present listed claims and on any future claims which may arise involving the same issue, plaintiff asks that the court declare that as part of its damages it has a right to the disputed overhead costs. Plaintiff also seeks a decree enjoining the defendant insurers from continuing their course of conduct in forcing plaintiff to litigate each claim to receive the full amount of the damages due. Finally, plaintiff asks that, until the determination of this suit, all of the pending actions filed by plaintiff against the defendant insureds be stayed and, upon its conclusion, an order made that plaintiff is entitled to judgment against each insured for the full amount of the damages sought.[1]

Plaintiff characterizes the relief which it seeks as unique.'' We find such designation particularly fitting. Plaintiff asks that the court make a declaration which would be a guideline to be applied both in pending and future cases where an insured of one of defendant insurance companies negligently strikes a piece of plaintiff's electrical equipment; that the court declare, as a matter of law, that plaintiff is entitled to recover damages for destruction of its equipment which will include the enumerated overhead costs.

█ It is well established that courts do not give advisory opinions. There must be a justiciable controversy which admits of specific and conclusive relief by judgment within the field of judicial determination for the court to exercise its discretion to declare rights. (*Monahan* v. *Department of Water & Power*, 48 Cal.App.2d 746, 751 [120 P.2d 730] ; *Pittenger* v. *Home Sav. & Loan Assn.*, 166 Cal.App.2d 32, 36 [332 P.2d 399] ; *Silva* v. *City & County of San Francisco*, 87 Cal.App.2d 784, 789 [198 P.2d 78].)

The demurrers of the defendant insurance companies were general—on the ground that the complaint fails to state facts sufficient to constitute a cause of action, and special—on the grounds that there was a misjoinder of causes of action and parties defendant.

[1]Plaintiff cites a number of cases, particularly *Geddes & Smith, Inc.* v. *St. Paul Mercury Indem. Co.*, 63 Cal.2d 602 [47 Cal.Rptr. 564, 407 P.2d 868], as authority for its assertion that it is entitled to the disputed overhead costs. For the reasons which follow, we need not decide here whether the issue is settled by these cases.

With respect to the special demurrers, the court below rightly concluded that there was an improper joinder both of causes of action and defendants. Code of Civil Procedure, section 427 requires that the causes of action "must affect all the parties to the action." That is to say, there must be some "factual nexus" connecting the claim pleaded against the several defendants. (*Hoag* v. *Superior Court,* 207 Cal.App.2d 611 [24 Cal.Rptr. 659].) The required connecting factor is totally lacking in the case at bench. The defendant insureds were involved in separate accidents for which entirely separate claims arose. The complaint contains no allegation that a conspiracy existed among them. As to the defendant insurance companies, they were not parties to the actions brought against their insureds. Unless the contract of insurance provides otherwise (which is not the case here), no direct action may be taken against an insurance company until judgment has been obtained against its insured. (*Spencer* v. *State Farm Mut. Auto Ins. Co.,* 152 Cal.App.2d 797, 799 [313 P.2d 900].) The fact the insurance companies are bound by their contracts of insurance to defend their insureds does not make them parties.

Plaintiff makes the argument that the declaration sought would prevent a multiplicity of suits and is in the nature of a bill of peace. The ancient equitable action referred to provides a remedy to prevent duplication of trial effort and expense in situations where a plaintiff asserts a claim against numerous defendants and where the legal remedy of consolidation of cases is not available because the causes of action or parties were not joinable, some of the actions were not yet filed, or those filed were in different courts. (See Witkin, Cal. Procedure (1954) p. 1136.) To invoke such relief the courts have required a showing that plaintiff's claims have arisen from a common relationship or source. (*Schroeter* v. *Abbott,* 185 Cal. 146, 151 [196 P. 39]; *Ritchie* v. *Dorland,* 6 Cal. 33.) The defendant insureds in the case at bench are entirely independent and have no relationship to one another.

But even more damaging to plaintiff's theory that it is entitled to relief in the form of a bill of peace, is the fact that, if plaintiff was given the declaration sought, it would not dispose of any of the actions. It would simply carve out one issue. Among other things, plaintiff would still have the bur-

den of proving in each case what its damages were and that they were reasonable.

For the foregoing reasons, the trial court correctly concluded that no basis exists for any of the relief sought.

The judgment is affirmed.

Files, P. J., and Alarcon, J. pro tem.,* concurred.

A petition for a rehearing was denied May 1, 1969, and appellant's petition for a hearing by the Supreme Court was denied June 11, 1969.

*Assigned by the Chairman of the Judicial Council.