[L.A. No. 29809. In Bank. May 24, 1971.]

LARRY LANDAU, Plaintiff and Appellant, v.
MARY SALAM et al., Defendants and Appellants.

**COUNSEL**

William Blietz, Louis H. Berger and Kenneth H. Wechsler for Plaintiff and Appellant.

Robert E. Cartwright, Edward I. Pollock, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Thomas T. Anderson, Joseph W. Cotchett, Louis W. Lawson and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Appellant.

Wyman, Bautzer, Finell, Rothman & Kuchel and Andrew D. Stein for Defendants and Respondents.

David Livingston as Amicus Curiae on behalf of Defendants and Respondents.

**OPINION**

**TOBRINER, J.**—Plaintiff Larry Landau appeals from a judgment dismissing his action against respondents Mary Salam and Charge A Car, Inc., entered after respondents' demurrer for misjoinder of parties was sustained without leave to amend.[1] Plaintiff claims to have been injured as the result of both the negligent driving of an automobile on April 28, 1968, and the negligent maintenance of property on August 12, 1968. Plaintiff joined as defendants the persons he alleged were responsible for each occurrence; he asserted his uncertainty as to whether his injuries, medical expenses, and loss of income emanated from the first or the second accident.

We hold that under Code of Civil Procedure section 379c a plaintiff may join two independent and successive tortfeasors in a single action if he pleads facts showing that he entertains a reasonable doubt as to which defendant is liable for his injuries, or the extent to which each may be liable. Although the complaint here fails to plead with specificity a "reasonable uncertainty" as to the liability of the respective defendants, plaintiff's opportunity to do so should not have been truncated by a demurrer sustained without leave to amend. We therefore conclude that the judgment of dismissal should be reversed and the action remanded for further proceedings in the superior court.

---

[1]The term "defendants," unless otherwise modified, will be used herein to refer to all parties defendant in the superior court; the term "respondents" to refer to only those defendants, Mary Salam and Charge A Car, Inc., who are parties to this appeal.

Plaintiff's complaint, filed December 20, 1968, states two causes of action. The first alleges that on April 28, 1968, defendant Salam, driving an automobile owned by defendant Charge A Car, negligently caused a collision with an automobile owned and driven by plaintiff. The second sets forth that on August 12, 1968, plaintiff, while a business invitee on the property of defendant Madison Properties, suffered injuries as a result of its negligent maintenance of the premises. Both causes of action assert that plaintiff sustained permanent injuries, has and will incur medical expenses, and cannot pursue his usual work. Both counts then state that "Plaintiff is uncertain as to which defendant caused him the above-described injuries and whether or not they were caused by the First Cause of Action or the Second Cause of Action, and therefore joins both causes of action under California Code of Civil Procedure, § 379c."

Defendant Madison Properties appeared and answered the complaint. Then on June 6, 1969, respondents Salam and Charge A Car filed a demurrer on grounds of misjoinder of parties defendant (Code Civ. Proc., § 430, subd. 4) and misjoinder of causes of action (Code Civ. Proc., § 430, subd. 5). The superior court sustained the demurrer without leave to amend and, on June 18, 1969, entered a dismissal of the action as to Salam and Charge A Car. Since the one-year period of the statute of limitations for personal injuries arising from the automobile accident expired on April 28, 1969, the court's dismissal effectively immunizes respondents from any liability for personal injuries to plaintiff.

In 1927 the Legislature enacted Code of Civil Procedure sections 379a, 379b, and 379c, with the goal of liberalizing procedures for permissive joinder of defendants.[2] These sections, which have not been amended since their enactment, read as follows:

Code of Civil Procedure section 379a: "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgments may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

Code of Civil Procedure section 379b: "It shall not be necessary that

[2]See *Kraft* v. *Smith* (1944) 24 Cal.2d 124, 128 [148 P.2d 23]; 1 Chadbourn, Grossman & Van Alstyne, California Pleading (1961) section 612; 2 Witkin, California Procedure (2d ed. 1971) page 1841; cf. *Peters* v. *Bigelow* (1934) 137 Cal.App. 135, 141 [30 P.2d 450]. "The sections of the Code of Civil Procedure amended or added by the statutes of 1927 (378 et seq.) should be liberally construed, permitting joinder whenever possible in furtherance of the objects of the reformed procedure, to simplify the pleadings and conduct of actions, and so far as practicable to permit the settlement of all matters of controversy between the parties in one action." (*Dallman Supply Co.* v. *Sweet* (1948) 86 Cal.App.2d 780, 784 [195 P.2d 864].)

each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

Code of Civil Procedure section 379c: "Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties."

We observe, first, that if plaintiff has properly joined defendants under section 379c, the demurrer for misjoinder of causes of action cannot stand. Respondents rely on Code of Civil Procedure section 427, which permits joinder of causes of action only when "the causes of action so united . . . affect all the parties to the action." Soon after the enactment of sections 379a, 379b, and 379c in 1927, however, the courts came to the reluctant realization that the possibility remained that a strict application of the requirement on joinder of causes of action could still defeat the recently enacted liberal rules on joinder of parties.[3] Hence, to clarify the point, the court in *Peters* v. *Bigelow* (1934) 137 Cal.App. 135, 141 [30 P.2d 450] held that the rule on joinder of plaintiffs (Code Civ. Proc., § 378) prevailed over the rules on joinder of causes of action in section 427; *Kane* v. *Mendenhall* (1936) 5 Cal.2d 749, 755 [56 P.2d 498] held that cases falling within sections 379a and 379b were excepted from the requirements of section 427. Finally, *Kraft* v. *Smith* (1944) 24 Cal.2d 124, 128 [148 P.2d 23], concluded that section 379c exempts cases falling within its terms from the requirements on joinder of causes of action. ▮ As summarized in *Shotwell* v. *Bloom* (1943) 60 Cal.App.2d 303, 308 [140 P.2d 728], "the liberal amended statutes on joinder of parties . . . enlarged the old rules on joinder of causes of action, so that causes now may be joined when they meet the tests of the sections on joinder of parties, and . . . all such causes do not have to affect all parties to the action." (Accord, *Lawler* v. *Gleason* (1955) 130 Cal.App.2d 390, 394 [279 P.2d 70].)

We turn then to the principal issue in this case: whether the joinder of defendants here comes within the terms of section 379c. We have concluded that plaintiff's complaint envisions a joinder permitted by section 379c, and thus that the superior court should not have sustained respondents' demurrer without leave to amend.

---

[3]See Yankwich, *Joinder of Parties* (1929) 2 So.Cal. L.Rev. 315, 353; Comment (1935) 23 Cal. L.Rev. 320, 328.

*Kraft* v. *Smith* (1944) 24 Cal.2d 124 [148 P.2d 23], the leading case interpreting section 379c, is dispositive of the issue in the instant litigation. In *Kraft* v. *Smith,* plaintiff Kraft suffered a leg injury, and successively employed Dr. Smith and Dr. Innis to treat the injury. The treatment was unsuccessful, leaving plaintiff's injured leg permanently shorter than her other leg. She sued both doctors in a single malpractice action, alleging that she was in doubt whether she was entitled to recover from Dr. Smith, Dr. Innis, or both, and to what extent.

The trial court in *Kraft* v. *Smith* sustained a demurrer without leave to amend. We reversed, directing the court to grant leave to amend. Justice Schauer, writing for the court, observed that "The doubt which plaintiffs allege . . . can well be understood under the circumstances, and to require that separate actions be brought, in both of which actually, as a practical matter, both defendants would be substantially interested, would be to impose inefficient procedure and unnecessary waste of time and money upon all parties concerned and the state itself. It would appear that one of the chief purposes of the new sections—379a, 379b, and 379c—is to avoid just such multiplicity of actions. . . . Through having both defendants before the court at the same time and in the same action it can be expected more sanguinely that a jury should arrive at soundly based and just verdicts." (24 Cal.2d at pp. 128-130.)

In *Kraft* we then held that "The facts that defendants are not joint tort feasors but independent wrongdoers, and that their negligence operated successively rather than concurrently in time to produce the injury, are not vetitive of the right of joinder. The salutary procedure afforded by sections 379a, 379b, and 379c of the Code of Civil Procedure is clearly intended to be available upon a showing *either* that the negligence of two or more persons, whether joint, independently concurrent, or successive, contributed proximately to cause the injury for which recovery is sought, *or* that the injury for which recovery is sought was proximately caused by the negligence of one or another or several of two or more persons and, as to each person who is not charged absolutely, that a reasonable uncertainty, requiring determination of some factual or legal issue, exists in respect to alternative or quantitative liability." (24 Cal.2d at pp. 130-131.) (Italics in original.)[4]

Plaintiff in the present case has pled (1) an injury, (2) negligence by successive tortfeasors, and (3) doubt as to which is liable; he thus comes

[4]Accord, *Sareussen* v. *Lowe* (1954) 125 Cal.App.2d 288, 290 [270 P.2d 27]; see *Lambert* v. *Southern Counties Gas Co.* (1959) 52 Cal.2d 347, 353 [340 P.2d 608]; *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386, 398 [343 P.2d 787]; *Dallman Supply Co.* v. *Sweet* (1948) 86 Cal.App.2d 780, 784 [195 P.2d 864].

within the express terms of section 379c and the reasoning of *Kraft* v. *Smith*. Respondents, however, project the presence of an additional prerequisite to joinder—"some sort of factual 'nexus' connecting or associating the claim pleaded against the several defendants." (*Hoag* v. *Superior Court* (1962) 207 Cal.App.2d 611, 618 [24 Cal.Rptr. 659], quoting Chadbourn, Grossman & Van Alstyne, Cal. Pleading (1961) § 618; accord, *Southern Cal. Edison Co.* v. *State Farm Mut. Auto. Ins. Co.* (1969) 271 Cal.App.2d 744, 748 [76 Cal.Rptr. 909]; see *Busset* v. *California Builders Co.* (1932) 123 Cal.App. 657, 666 [12 P.2d 36].)[5] This factual nexus theory, however, arose in order to fill a hiatus opened by the absence of any express requirement in sections 379 or 379a that the claims joined bear any relationship to each other. (See Chadbourn, Grossman & Van Alstyne, Cal. Pleading (1961) § 618.) Whatever the merits of that theory when joinder is grounded solely upon sections 379 or 379a—an issue not here before us—the imposition of any such requirement upon section 379c would be superfluous. Section 379c does not permit the unlimited joinder of defendants; it provides for joinder only when plaintiff pleads a specific relationship between the defendants, namely, a single or cumulative injury, giving rise to doubt as to the respective liability of defendants for that injury. In other words, when a plaintiff states facts showing a reasonable uncertainty as to the respective liability of the defendants, these same facts constitute the connection that links the acts of the defendants and fulfills any claimed requisite of "factual nexus."

Respondents further argue that they will be caused both inconvenience

---

[5]The cases on which defendants rely for their "factual nexus" argument are inapposite to the present case. In *Hoag* v. *Superior Court* (1962) 207 Cal.App.2d 611 [24 Cal.Rptr. 659], four separate defendants, acting independently and at separate times and places, invaded the privacy of plaintiffs. In holding joinder insufficient, the Court of Appeal noted expressly that "The complaint demonstrates no doubt as to the person from whom plaintiffs claim they are entitled to redress; nor is there any showing that the acts of defendants operated successively to cause the injury for which recovery is sought." (207 Cal.App.2d at p. 619.) In *Southern Cal. Edison Co.* v. *State Farm Mut. Auto. Ins. Co.* (1969) 271 Cal.App.2d 744 [76 Cal.Rptr. 909], plaintiff sued three insurance companies, and a number of insured, for damage to power poles caused by 17 separate automobile collisions. Plaintiff alleged no uncertainty as to the persons responsible for each such accident, nor as to the respective extent of damages, but sought to justify joinder on the ground of a common question of law on measurement of damages. The holding of the court denying joinder, thus, is not relevant to the present case. In *Busset* v. *California Builders Co.* (1932) *supra*, 123 Cal.App. 657, plaintiff asserted that Busset was liable and that Busset claimed that Clausen was liable; plaintiff never alleged that he himself entertained any doubt as to which was responsible. We discussed the *Busset* opinion in *Kraft* v. *Smith* (1944) 24 Cal.2d 124, 131 [148 P.2d 23], and said that the statements in *Busset* concerning the effect of sections 379a, 379b, and 379c, "other than as they concern a pleading which wholly fails to state any cause of action, in the alternative or otherwise, against the challenging party, are dicta and not authority."

and expense by being required to attend proceedings relating to the liability of defendant Madison Properties, a matter in which respondents entertain no interest. Against these relatively slight inconveniences to respondents we must weigh definite advantages to others involved in the litigation. Thus in the normal run of litigation plaintiffs obviously benefit from the joinder; defendants gain the advantage of joint participation in trial of those issues concerning plaintiff's damages—a subject in which all defendants share a direct interest, and courts avoid multiple trials.[6] ▆ In any event, when the joinder of defendants falls within the terms of section 379c, but nevertheless works inconvenience to a particular defendant, the remedy lies not in a demurrer for misjoinder but in either a motion for a protective order under section 379b[7] or a motion for severance under Code of Civil Procedure section 1048.[8]

In brief, in resolving this issue, we seek the economy of time and expenditure costs of litigation. We recognize that if we permit a single trial of the two causes, some parties will encounter some inconvenience.[9] But the minor travail must succumb to the larger loss; the bifurcation of the litigation would entail the greater expenditure of time and energy. We conclude that the well-tried existing rule should not be set aside.

---

[6]"The advantage of joinder are obvious; apart from the burden upon the plaintiff and the waste of the court's time in hearing two actions, there are many cases in which substantial justice is more likely to be done if the defendants can be sued together. The rules against misjoinder are primarily rules of convenience and expediency, and should be construed in the light of the broader policy against multiplicity of suits." (Prosser, *Joint Torts and Several Liability* (1937) 25 Cal. L.Rev. 413, 417-418.)

[7]Section 379b provides in part that "the court may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

[8]Code of Civil Procedure section 1048 states that "An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right."

[9]Mr. David Livingston, amicus curiae in support of respondents, raises the possibility of a plaintiff joining defendants under section 379c solely for the purpose of fixing venue at a place unfavorable or inconvenient to one of the defendants. We believe that the aggrieved defendant has sufficient remedies to prevent any such abuse of section 379c. The defendant might first move to change venue (Code Civ. Proc., § 397), relying on the provisions in Code of Civil Procedure section 395 that "If any person is improperly joined as a defendant, or has been made a defendant solely for the purpose of having the action tried in the county . . . where he resides, his residence must not be considered in determining the proper place for the trial of the action." Although a defendant in a demurrer for misjoinder of parties cannot do so, defendant in a motion for change of venue may by declaration contradict the allegations of the complaint and demonstrate the misjoinder of defendants or the improper joinder of a defendant undertaken solely to affect venue. (See *Sourbis* v. *Rhoads* (1920) 50 Cal.App. 98, 101 [194 P. 521].) Finally, if his motion to change venue should fail, the defendant still retains the right to seek severance under section 1048 or a protective order under section 379b.

Finally, respondents correctly contend that a plaintiff cannot bring his action within section 379c by means of the bare allegation of his uncertainty as to defendants' liabilities; plaintiff must plead facts showing the basis of a "reasonable uncertainty" (*Kraft* v. *Smith* (1944) 24 Cal.2d 124, 130-131 [148 P.2d 23]) or a "fair doubt" (*Busset* v. *California Builders Co.* (1932) 123 Cal.App. 657, 667 [12 P.2d 36]) as to the "alternative or quantitative liability" of defendants. (*Kraft* v. *Smith, supra,* 24 Cal.2d at p. 130.) In *Kraft* v. *Smith* the plaintiff pled that the two defendants each treated her leg, that only nine days elapsed between the acts of the defendants, and that she incurred a permanent shortening of her leg. In the present case plaintiff merely alleges an undescribed injury, arising from two accidents, separated by an interval of three and one-half months, both such injuries being set forth in the most general terms. As an attempt to plead facts showing a "reasonable uncertainty" concerning defendants' respective liability, plaintiff's complaint is clearly deficient.[10]

The lack of specificity in plaintiff's complaint, however, obviously cannot justify the action of the trial court in sustaining a demurrer *without leave to amend.* "[I]t ordinarily constitutes an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment." (*Lemoge Electric* v. *County of San Mateo* (1956) 46 Cal.2d 659, 664 [297 P.2d 638].)[11] For all that plaintiff alleges, he may have incurred two separate and distinct injuries to different portions of the body, or he might have fully recovered from the first injury before the second occurred; his doubt as to the respective liabilities of defendants may be wholly unreasonable and without factual basis. Nevertheless, by amending his complaint to set forth more specific information concerning the facts of the two accidents, the nature of the injuries, and the interrelationship of the injuries, if any, plaintiff may well be able to demonstrate a reasonable uncertainty as to the respective liabilities of defendants.

The judgment is reversed with directions to the trial court to grant plain-

---

[10]We discuss the language of plaintiff's complaint only insofar as it bears on the issue of joinder of defendants. The respondents did not demur to plaintiff's complaint for failure to state a cause of action (Code Civ. Proc., § 430, subd. 6), and we assume that the complaint is sufficient to set forth a cause of action in negligence against the respondents. (See 2 Witkin, Cal. Procedure (2d ed. 1971) pp. 2119-2123.)

[11]See, e.g., *Kraft* v. *Smith* (1944) 24 Cal.2d 124, 132-133 [148 P.2d 23]; *Wennerholm* v. *Stanford Univ. Sch. of Medicine* (1942) 20 Cal.2d 713, 719 [128 P.2d 522, 141 A.L.R. 1358].

tiff a reasonable time within which to prepare, serve, and file a further complaint, amended in such particulars as plaintiff may be advised.

Wright, C. J., McComb, J., Peters, J., Mosk, J., Burke, J., and Sullivan, J., concurred.