[Civ. No. 8572. Second Appellate District, Division One.—July 25, 1933.]

MAE DOUGLASS, Appellant, v. GEORGE STUART WALKER et al., Respondents.

[Civ. No. 8573. Second Appellate District, Division One.—July 25, 1933.]

W. H. DOUGLASS, Appellant, v. GEORGE STUART WALKER et al., Respondents.

W. H. Douglass, *in pro. per.*, for Appellants.

Sullivan, Roche, Johnson & Barry, John J. Wilson, Paul S. Honberger, Mills, Hunter & Dunn and Farnsworth, Burke & Maddox for Respondents.

CONREY, P. J.—In each of these actions the appeal is by the plaintiff, from a judgment of dismissal entered after the court had sustained the several demurrers to the amended complaint, and after the plaintiff had failed to further amend within the time allowed therefor. In each case there was filed an amendment to the amended complaint on the same day when the court ruled on the demurrers. Counsel have assumed, and we shall adopt that assumption, that the demurrers were presented and considered as upon the respective amended complaints as thus amended. The actions were brought to recover upon separate official bonds of the several officers named, to compensate for damages incurred by reason of the failure, neglect and omission of each of the bonded officers to faithfully perform his official duties as required by law, all with resulting loss to the plaintiffs.

Defendant Walker held the office of state building and loan commissioner from January 6, 1927, to August 12, 1929, and defendant Whitmore occupied that office from August 12, 1929, to December 31, 1930. Defendant Dorothy was a duly appointed and qualified deputy state building and loan commissioner from October 1, 1927, to December 12, 1930; defendant Barnes, from June 28, 1927, duration of term not shown; defendant Stern from August 2, 1929, to December 12, 1930.

The said official bonds were the bonds required to be executed by and on behalf of such officers in accordance with the provisions of the Building and Loan Commission Act

approved April 5, 1911, as amended, and especially section 4 thereof (Stats. 1921, p. 1573; Deering's Gen. Laws, 1923 ed., Act 982, p. 358), which reads as follows: ''Before entering upon their duties, the commissioner and his deputies shall each execute an official bond in the penal sum of five thousand dollars, each of which bonds must be guaranteed by a duly authorized surety or bonding company, the premium on which shall be paid from the allowance for office expenses. Any bond executed under this section must be approved by the governor and filed and reported in the office of the secretary of state, and such commissioner and deputies must take the oath of office as prescribed by the Political Code for the state officers in general.''

For a statement of the required condition of an official bond, and the breaches of condition whereby liability is incurred, we are referred to Political Code, sections 954, 958, 959, 960. It is further provided (sec. 961) that an official bond is obligatory ''for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such officer in his official capacity; and any person so injured or aggrieved may bring suit on such bond, in his own name, without an assignment thereof''. As will be seen, we do not need to discuss the questions which have been argued, relating to these sections and the conditions to which they apply.

The Guaranty Building and Loan Association of Los Angeles was a corporation subject to the provisions of the Building and Loan Commission Act. Under the terms of that act the building and loan commissioner is obligated to perform certain official official acts of examination and supervision. Within a period of time stated in the complaint the said association became insolvent. The plaintiffs deposited money with the association after it became insolvent. As to each of said bonded officers it is alleged that by reason of the failure and neglect of the officer to perform his official duties, the association was permitted to continue in business, at and after the time when the commissioner in the due performance of his official duty should have taken charge of the affairs and business of said corporation; and that by reason of such failure and negligence, the plaintiffs were induced to deposit money with the association, with resultant loss to the plaintiffs. This is a statement, in

general terms, of the facts relied upon by the plaintiffs as the source of their right to recover upon the said several official bonds.

In the first action (Civ. No. 8572) the defendants are the Commissioner Walker and his surety, and the Deputy Commissioner Dorothy and his surety. In the second action (Civ. No. 8573) the defendants are the same as in the preceding action, together with Commissioner Whitmore and his surety, and the Deputy Commissioners Barnes and Stern and their sureties. The demurrers of the several defendants in each case were made upon several different statutory grounds of demurrer, including the claim that the complaint did not state a cause of action, and the claim that several causes of action were improperly joined and that there was a misjoinder of parties defendant. For example, the defendant Walker demurs upon the ground that there is a misjoinder of parties defendant in that defendant Walker, as principal, and his surety, upon a separate and distinct bond, are joined in the same action with other defendant principals and their sureties upon other and separate bonds. He also demurs upon the ground that several causes of action are improperly joined in that the alleged causes of action against defendant Walker, and his surety, upon a distinct and separate bond, are united with alleged causes of action arising upon other and distinct separate causes of action arising upon different, distinct and other bonds. In their argument in support of their proposition that there is no misjoinder of causes of action, appellants rely upon section 427 of the Code of Civil Procedure (subd. 8), under which a plaintiff may unite several causes of action in the same complaint where they all are "claims arising out of the same transaction, or transactions connected with the same subject of action. . . . " In their argument in support of their claim that there is no misjoinder of parties defendant they refer particularly to sections 379a, 379b and 379c of the Code of Civil Procedure, which relate to certain stated circumstances under which persons may be joined as defendants in an action.

As to the misjoinder of the causes of action, we think that the demurrers were properly sustained. These being actions at law to recover upon separate and unrelated official

bonds, it is clear that the alleged liabilities on these separate bonds are not liabilities arising out of the same transaction, or transactions connected with the same subject of action. We think that the decisions referred to by appellants in their briefs, on this point, are not applicable to this case.

■ With respect to the misjoinder of parties defendant, we are further of the opinion that the provisions of the Code of Civil Procedure, and the decisions, cited by defendants do not sustain the contention of appellants that the court erred in sustaining the demurrer as to misjoinder of parties defendant.

Being of the opinion that for the reasons above stated the demurrers were properly sustained, we find it unnecessary to discuss any of the other questions presented and argued on these appeals.

In each case the judgment is affirmed.

Houser, J., concurred.

York, J., deeming himself disqualified, took no part in this decision.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 22, 1933.