[Civ. No. 19886.   Second Dist., Div. Two.   May 18, 1954.]

WILMA F. SAREUSSEN, Appellant, v. D. ARTHUR
LOWE et al., Respondents.

Newell & Chester and Theodore A. Chester for Appellant.

Edward B. Freed for Respondents.

McCOMB, J.—Plaintiff appeals from a judgment of dismissal entered after the sustaining without leave to amend of a demurrer to plaintiff's complaint.

*Facts:* Plaintiff filed a complaint in three counts. Count I alleged that plaintiff entered into a contract with defendant Lowe, a civil engineer, to design a sea wall, including plans and specifications, and to supervise the construction of such wall on waterfront property which she owned. In count II it was alleged that defendant Lowe had negligently designed and supervised the construction of the sea wall to plaintiff's damage, and in count III plaintiff alleged that defendant Didier had entered into a contract with plaintiff to construct the sea wall in accordance with certain plans and specifications which he had failed to do with resulting damage to plaintiff.

Defendant Didier filed a special demurrer to plaintiff's complaint on the ground of misjoinder of causes of action. This demurrer was sustained without leave to amend.

*Question: Did the trial court err in sustaining defendant Didier's demurrer on the ground that independent causes of action against different defendants were improperly joined in the same complaint?*

*Yes.* Defendant Didier argues that the trial judge's action was correct since section 427, subdivision 8, of the Code of Civil Procedure, provides that a plaintiff may unite several causes of action in the same complaint, if they are "Claims arising out of the same transaction, or transactions connected with the same subject of action, and not included within one of the foregoing subdivisions of this section."

This argument is invalid for the reason that section 427 of the Code of Civil Procedure is qualified by the provisions of section 379a of the Code of Civil Procedure, which reads as follows: "All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether

jointly, severally or in the alternative; and judgments may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

■ Applying the rule in the foregoing section we find that the law is now established in California that where the acts of independent wrongdoers operate successively rather than concurrently to produce a given injury, the independent causes of action thus arising may be joined in the same complaint. ■ On a showing either that the wrongful acts of two or more persons, whether joint, independently concurrent or successive, contributed proximately to cause the injury for which recovery is sought, or that such injury was proximately caused by the wrongful act of one or another or several of two or more persons, and that a reasonable uncertainty exists in respect to alternative or quantitative liability, the causes of action thus arising may be joined in the same complaint. (*Cf. Kraft* v. *Smith*, 24 Cal.2d 124, 127 [1] et seq. [148 P.2d 23]; 23 Cal.L.Rev., No. 3, March, 1935, p. 327.)

■ The foregoing rule is here applicable. Plaintiff's alleged injury arose on either joint, independently concurrent or successive acts of each defendant. Therefore she was entitled to join the separate causes of action in the same complaint.

The judgment is reversed with instructions to the trial court to overrule the demurrer of defendant Didier as to the third cause of action, allowing such defendant a reasonable time to answer if so advised. The judgment is affirmed as to the other causes of action.

Moore, P. J., and Fox, J., concurred.