[Civ. No. 20282. First Dist., Div. One. Nov. 19, 1962.]

HUGO A. HEGE, Plaintiff and Appellant, v. WORTHING-TON, PARK & WORTHINGTON et al., Defendants and Respondents.

674

John R. Swendsen for Plaintiff and Appellant.

Hadsell, Murman & Bishop, Steinhart, Goldberg, Feigenbaum & Ladar, Neil E. Falconer and Sydney P. Murman for Defendants and Respondents.

BRAY, P. J.—Plaintiff appeals from a judgment in favor of defendants after order sustaining demurrers to third amended complaint.[1]

## QUESTIONS PRESENTED

1. Do the third and fourth counts in the third amended complaint state causes of action against defendants Worthington, Park & Worthington, William Frank Worthington, Arthur A. Park, Leonard A. Worthington, and Nye, Worthington & Park, hereinafter referred to collectively as ''Worthington''?

2. Does the second count in said complaint state a cause of action against defendant Hartford Accident and Indemnity Company and does the fourth count state a cause of action against Hartford and Wilson E. Taylor, hereinafter referred to collectively as ''Hartford''?

1. *The Worthington Demurrers.*

The third count is against defendants Worthington as attorneys for allegedly allowing the statute of limitations to run on plaintiff's claims against the contractors whom in the first count plaintiff sued for alleged failure to complete a residence,[2] the architect therefor, and defendant Hartford, which issued the bond guaranteeing due performance by the contractors. The court sustained a general demurrer to this count. Plaintiff declined to amend.

The count alleged that the defendants Worthington were attorneys, and were orally engaged by plaintiff to obtain redress from said contractors, architects and sureties. Worthington agreed to prosecute plaintiff's claims properly. The attorney-client relationship existed from January 1951, to January 1956. It is then alleged that Worthington failed to use ordinary care in the prosecution of the claims so that the statute of limitations ran against plaintiff thereon and plain-

---

[1]Prior to this judgment, judgment was rendered in favor of certain defendants other than those included in the above mentioned judgment, after order sustaining demurrers to the first count in the second amended complaint without leave to amend. No appeal was taken therefrom.

[2]The contractors if served have not appeared. Therefore the first count, which is against them solely, will not be discussed as such.

tiff's rights were lost to his damage of $63,897.37, and of other sums because of the "passage of unreasonable time." It is alleged that Worthington concealed the fact that the statute had run and that plaintiff did not discover his loss until January 1956.

The contentions of defendants which the court followed in sustaining Worthington's demurrer were that the count did not state a cause of action because plaintiff failed to allege (1) that the contractors and the surety would have pleaded the statute of limitations had the action against them been filed, and (2) that the action against them would have been successful.

In *Lally* v. *Kuster* (1918) 177 Cal. 783 [171 P. 961], an action by a client against her attorney for negligence in the collection of a note and mortgage, the attorney contended that the client could not claim that she had suffered a loss unless first she brought suit upon the note and mortgage and the suit was dismissed because of the statute of limitations. The court in reversing a judgment of the lower court in favor of the attorney stated, ". . . it does not follow that the appellant would have to wait until it was finally determined in court that these rights were valueless. . . ." (P. 791.)

As to the first contention an allegation that the defendants in such a suit if brought would plead the statute of limitations would appear not to be necessary. Reasonably, it must be assumed that the statute would have been pleaded. Moreover, such an allegation would be a conclusion of the pleader of a value not as great as the fact itself, namely, that the statute had run.

The second contention is a more serious one. *Feldesman* v. *McGovern* (1941) 44 Cal.App.2d 566 [112 P.2d 645], was an action by a client against his attorney for damages for allegedly failing to file a petition for the client's discharge in bankruptcy. The court stated that the complaint failed to state a cause of action because "in an action brought by a client against his attorney for the latter's alleged negligence in failing to perform some act in behalf of the client, the complaint must not only specify the act, but must specifically allege and the plaintiff must prove that if the attorney had performed the act it would have resulted beneficially to the client."

*Campbell* v. *Magana* (1960) 184 Cal.App.2d 751 [8 Cal. Rptr. 32], was an action by a client against an attorney for the alleged negligent handling of plaintiff's personal injury suit. The court quoted from *Lally* v. *Kuster, supra,* 177 Cal.

783, which was an action for damages against an attorney for alleged neglect in the collection of a mortgage. The court there said concerning a suit by a client against an attorney for negligence in conducting the collection of a claim, that the client must allege and prove that the failure to collect was due to the culpable neglect of the attorney, "and that, but for such negligence, the debt could, or would, have been collected." (P. 754.) The court reviewed a number of cases upon the subject and quoted from 45 American Law Reports 2d, section 5, page 21, to the effect that in this character of case the client has the "burden involving, usually, the difficult task of demonstrating that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question."

In *Modica* v. *Crist* (1954) 129 Cal.App.2d 144, 148 [276 P.2d 614], the *Feldesman* case is explained as holding that the failure to plead that the bankruptcy discharge would have been granted was really a failure sufficiently to plead *proximate cause*; that is, because the granting of the petition was not mandatory. This squares with the general tenor of the *Modica* case which seems to say that attorney's malpractice is pleaded the same as any other negligence action: duty, breach of duty, proximate cause, damage. (See 1 Witkin, Cal. Procedure, p. 74, expressing doubt as to the precedent value of the *Feldesman* case; see also 2 Witkin, Cal. Procedure [1961 Supp. p. 24] ; 2 Witkin, Cal. Procedure p. 1255 et seq.; Leavitt, *The Attorney as Defendant* (1961) 13 Hastings L.J. 1, 23.)

▇ It would seem that in an action by a client against his attorney the complaint would not necessarily be subject to general demurrer for not alleging the conclusion that the plaintiff would have been successful in the outcome of the action which it is claimed the attorney failed to file in time. But the proper test of a sufficient complaint would be whether the complaint sets forth facts from which it can be deduced that the client could have recovered a judgment. ▇ Here, plaintiff alleged his entry into a contract, a copy of which was annexed to the complaint, with the contractors for the construction of a certain residence, in accordance with plans and specifications prepared by the architect. He then alleged that he had performed his part of the contract, that the contractors defaulted by failing, neglecting and refusing to complete the construction of the residence, and sets forth 29 particulars in which the contract had not been completed. He alleges damage to his draperies through rainwater which he alleges entered

the residence because of its uncompleted condition; that because of the latter he had not used the residence; and alleged the amount of damages caused thereby.

From such allegations it would appear that plaintiff had a good cause of action against the contractors, had a complaint against them been filed in time. While the allegations of proximate cause resulting from Worthington's alleged negligence are possibly not as strong as they might be, it does appear that plaintiff had a good cause of action against the contractors which, it is alleged, was unenforceable because of the alleged failure of Worthington to file the action. The count was not vulnerable to general demurrer.

The fourth count is against Worthington, Hartford and the latter's attorney Taylor for conspiracy to allow plaintiff's rights to be lost by the passage of time and the running of the statute of limitations. The court sustained a general demurrer to this count, and plaintiff declined to amend.

This count includes by reference the allegations concerning the failure of the contractors to perform the contract. It alleges that at the time of the employment of Worthington by plaintiff, Worthington had already agreed and conspired among themselves, and with Hartford and its attorney, to allow the statute of limitations to run on plaintiff's claims; and that because of that conspiracy they did allow the statute to run. It then alleges that plaintiff was thereby damaged in certain sums. The count also asks for punitive damages. It alleges that the conspiracy was not discovered until January 1956, because of concealment by Worthington until that time.

To state a cause of action for conspiracy facts must be alleged which show the formation and operation of a conspiracy, the wrongful acts of any of the conspirators pursuant thereto, and damage resulting therefrom. (*Orloff* v. *Metropolitan Trust Co.* (1941) 17 Cal.2d 484, 488 [110 P.2d 396] ; see also 2 Witkin, Cal. Procedure, p. 1457.) The gist of the action is damage. (*Orloff, supra.*) No cause of action exists for conspiracy itself; the pleaded facts must show something which, without the conspiracy, would give rise to a cause of action. (*Agnew* v. *Parks* (1959) 172 Cal.App.2d 756, 762-765 [343 P.2d 118].) In fact, if the wrongful act is set out the conspiracy averment is unnecessary to the cause of action. (*Loeb* v. *Kimmerle* (1932) 215 Cal. 143, 151 [9 P.2d 199].)

Worthington makes the same contentions concerning the vulnerability of this count as they made to the third count. As we have hereinbefore shown, such contentions are not well

founded. Moreover, here it is alleged that the acts of the attorneys in not filing suit were deliberately done. This count is not vulnerable to general demurrer.

### 2. *The Hartford Demurrers.*

The second count is against defendant Hartford alone. It alleges that Hartford issued the bond to ensure the faithful performance of the contract for the construction of plaintiff's residence, that the contractors defaulted and abandoned their contract, that Hartford elected and agreed to complete the contract on behalf of the contractors. In spite of that fact, Hartford failed, neglected and refused to do so, to plaintiff's damage in the sums set forth.

Hartford demurred generally and specifically. The special demurrer was on several grounds: (a) That this cause is improperly united with the third cause alleging negligent malpractice by Worthington in failing to prosecute a legal claim, the fourth cause alleging conspiracy by Worthington and Hartford, and with the first cause alleging failure of the contractors to perform their contract;[3] and that the count is uncertain in the respects hereinafter stated.

The court did not sustain the general demurrer but did sustain the "special demurrer." This means that the court held that there was improper uniting of the causes of action and that the allegations of the count were uncertain.

▅▅▅ (a) There can be no question of the propriety of uniting in the same complaint counts one and two. They both arise out of the same transaction, namely, the failure of the contractors to perform the contract upon which Hartford is the surety. The serious question is whether an action for malpractice by attorneys independent of Hartford may be joined with an action upon a contractor's surety bond, and an action for conspiracy by Hartford and the attorneys to prevent a suit against Hartford and the contractors.

Actually, all of the causes of action arise out of the same transaction, or at least arise out of transactions connected with the same subject of action, the failure of the contractors to perform their contract followed by the breach by Hartford of its surety bond. Section 427, Code of Civil Procedure, provides that "8. Claims arising out of the same transaction, or transactions connected with the same subject of action . . ." may

---

[3]Worthington demurred on this same ground to the third and fourth counts. The court, however, limited its sustaining of the Worthington demurrer to the general ground.

be united provided that the ''causes of action . . . affect all the parties to the action . . .'' However, section 379a provides: ''All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative. . . .'' Section 379b provides: ''It shall not be necessary that each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him. . . .'' As pointed out in 2 Witkin, California Procedure, page 1124, and in the modern cases, two of which are hereinafter discussed, the determination of what causes of action may be joined is not limited by section 427, which deals with causes of action, but is controlled by sections 379a and 379b, which deal with parties. Thus, the restriction in section 427 that the causes of action must affect all of the parties to the action does not apply to parties coming within the provisions of sections 379a or 379b. A determination of the liability of the contractors is a prerequisite to a finding of liability of Hartford under its bond; the liability of the attorneys for negligently dealing with plaintiff's rights against the contractors and Hartford necessarily involves a determination of those rights; and further, the same is true regarding the conspiracy cause since if plaintiff had no rights against Hartford a conspiracy in that regard would be of no importance. Plaintiff, under the allegation of his complaint, is entitled to relief against each of the defendants, but not necessarily on all the causes of action. In *Sareussen* v. *Lowe* (1954) 125 Cal.App.2d 288 [270 P.2d 27], the plaintiff sought to unite a count in breach of contract against an engineer who had contracted to design and supervise the building of a sea wall, a count for negligent supervision and design, and a count for breach of contract against the builder. The trial court sustained a special demurrer for misjoinder of causes entered by the builder. The appellate court reversed the judgment holding that the causes were properly united because section 427, Code of Civil Procedure, is qualified by section 379a dealing with joinder of parties. The court pointed out that it is settled law in California that where the acts of independent wrongdoers operate successively rather than concurrently to produce a given injury, the independent causes thus arising may be joined in the same complaint. If it is shown either that the wrongful acts of two or more persons, whether joint, independently concurrent or successive, contributed proximately to cause the injury for which recovery is sought, the causes of action thus arising may

be joined in the same complaint. ▮▮▮▮ The acts of the defendants here were successive events contributing to plaintiff's injury; and therefore the rule of *Sareussen* should apply, even though in the instant case there is not a single injury but at least two different injuries.

▮▮▮ In *Kane* v. *Mendenhall* (1936) 5 Cal.2d 749 [56 P.2d 498], the court held that Code of Civil Procedure sections 379a and 379b have the effect of excepting from the provisions of Code of Civil Procedure section 427 those cases which come within the provisions of Code of Civil Procedure sections 379a and 379b, following *Peters* v. *Bigelow* (1934) 137 Cal.App. 135 [30 P.2d 450], which case related to joinder of plaintiffs. Hence, it is not necessary that all joined defendants have an interest in every cause of action, at least where the causes arise out of the same transaction and involve common questions. (*Kane, supra,* 5 Cal.2d at p. 755.)

▮▮▮ In the language of Code of Civil Procedure section 379a, Hartford is one "against whom the right to any relief is alleged to exist" since a determination of its liability under its bond is necessarily involved in the questions presented under the third and fourth counts relating to conspiracy and negligence. "It shall not be necessary that each defendant shall be interested as to all relief prayed for, or as to every cause of action included in any proceeding against him. . . ." (§ 379b.) Again, the claims are "[c]laims arising out of the same transaction, or transactions connected with the same subject of action. . . ." (Code Civ. Proc., § 427.) There was no misjoinder.

*Johnson* v. *City of Glendale* (1936) 12 Cal.App.2d 389, 398 [55 P.2d 580], is not in point. There the plaintiff sought to join a negligence claim against the city with a claim against the city, its officers and agents, and certain individuals whom plaintiff claimed were agents of the city for fraudulently depriving plaintiff of her claim. The court found that the plaintiff had shown no authority on the part of the individuals to represent the city and held that the cause of action against the individuals for fraud and the negligence claim against the city could not properly be joined. It pointed out: "No argument is presented by appellant in support of the appeal from the judgment in favor of the individual defendants." (P. 398.)

In *Douglass* v. *Walker* (1933) 133 Cal.App. 423 [24 P.2d 515], the plaintiff alleged that by reason of the failure of the building and loan commissioner to perform his official duties, a certain loan association was allowed to do business while in-

solvent, and that she was induced to deposit money therein which she lost. She sued on the official bonds against the commissioner and his successor in office, certain deputies and their sureties. The court held that "the alleged liabilities on these separate bonds are not liabilities arising out of the same transaction. . . ." (P. 427.) It should be noted that the court cited no authority for its decision, which is prior to the modern decisions such as *Kane* v. *Mendenhall, supra*, 5 Cal.2d 749, *Kraft* v. *Smith* (1944) 24 Cal.2d 124 [148 P.2d 23], *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386 [343 P.2d 787], and *Monogram Co.* v. *Kingsley* (1951) 38 Cal.2d 28 [237 P.2d 265]. In all of these cases the courts refused to adopt any interpretation of the joinder statutes which would result in unnecessary duplication of trials or to prevent a liberal interpretation of those statutes. (See 2 Witkin, Cal. Procedure, pp. 1128-1130.)

(b) The demurrer alleges that count 2 is uncertain in that (1) it fails to give the date when Hartford refused to complete the contract; whether the residence has ever been occupied or used; the date when Hartford ceased work on the dwelling; in what respect Hartford failed, neglected and refused to complete the contract; and whether plaintiff is alleging that Hartford refused to complete the contract in each of the respects in which the contractor failed to complete the contract. These matters are all ones which Hartford was entitled to be informed about in the complaint. The date when plaintiff claims Hartford breached the contract is highly important because of the possibility that it might be beyond the limitations period. (The surety bond was executed in 1949. This action was filed in 1956.) All the complaint says concerning the breach of Hartford's bond obligation is "defendant Hartford elected to proceed with due performance under the said contract [the contractor's], and assumed its burdens according to its terms as provided by said bond . . . and elected and agreed to complete said contract. . . . Notwithstanding such election of Hartford to complete performance of said contract . . . Hartford failed, neglected and refused to carry out and complete said contract *according to its terms*. . . ." (Emphasis added.) Obviously Hartford is entitled to know in what respects plaintiff claims it breached the contract.

Defendant Hartford demurred to the original complaint and the first and second amended complaints setting forth practically the same specifications of uncertainty as in the demurrer to the third amended complaint. All were sustained with leave

to amend. The special demurrer to the third amended complaint was sustained with leave to amend. In spite of the sustaining of the demurrers to all of the complaints on the grounds specified, plaintiff, although amending in other respects, at no time amended any of the complaints to provide the requested information. Plaintiff elected not to amend the third amended complaint. ''[A] refusal to amend is fatal to plaintiff's position if any of the special grounds of demurrer are well taken.'' (*Greenwood* v. *Mooradian* (1955) 137 Cal.App.2d 532, 545 [290 P.2d 955], and see cases there cited.) As the special grounds set forth in Hartford's demurrer to the second count were well taken, that portion of the judgment based upon the order sustaining that demurrer must be affirmed.

The court sustained Hartford's general demurrer to the third and fourth counts. The demurrer to the third count was properly sustained. Actually, Hartford was not made a party in this count. It is based on the alleged negligence of the attorneys and no allegations concerning Hartford are made other than that the attorneys failed to sue Hartford. Hartford's demurrer to the fourth count was improperly sustained. This count charges Hartford with entering into an agreement with the attorneys that they would not sue Hartford on behalf of plaintiff and agreeing and conspiring with the attorneys to allow plaintiff's rights against Hartford by reason of the latter's failure to perform the contract hereinbefore mentioned to be lost by the expiration of time and the running of the statute of limitations.

Hartford did not demur on the ground of the statute of limitations. Worthington did, alleging the bar of certain sections of the Code of Civil Procedure. However, the court did not sustain the demurrer on this ground. Hence the question of the applicability of the statute is not before us. In the briefs of both Worthington and Hartford, the contention is made that this action is barred by plaintiff's laches and delay. Laches as such was never an issue in the case. It was not pleaded, nor, according to the record, raised in any way in the trial court, nor acted upon by the trial court. It can be no issue here. Worthington filed a motion to dismiss the action. Said motion was made upon ''the ground that said action has not been brought to trial in accordance with Section 583 of the Code of Civil Procedure of the State of California ...'' The motion apparently was argued. A minute order shows

that it was submitted. Nothing further appears in the record concerning it, and it is clear that the trial court did not pass upon it. Therefore, there is nothing before the court on the subject, upon which we can pass.

 The minute book entry of June 9, 1961, and the judgment of the same date, both recite the sustaining of the general and special demurrers of the parties as hereinbefore set forth and then the following: "and the plaintiff having failed to amend said Complaint within the time allowed by court, and *good cause appearing therefor* . . . Judgment is hereby rendered against plaintiff . . ." (Emphasis added.) Worthington contends that the emphasized language in the minute entry and the judgment means that the court passed favorably upon the motion to dismiss. This contention is not of merit. The notice of motion to dismiss stated that the motion would be made on June 14, 1961. The minute order submitting the motion is dated June 14. Thus the motion to dismiss and its submission occurred five days after the judgment was rendered. Obviously the "good cause" clause could not have referred to a motion not yet heard.

 We see no reason why, as now requested by counsel, this court should try the question of laches, inasmuch as it was not presented to the trial court, nor is there any record upon which this court could act. Lapse of time alone does not constitute laches. (See 18 Cal.Jur.2d 207.)

The petitions for rehearing are denied.

That portion of the judgment based upon the order sustaining Worthington's general demurrers to the third and fourth counts is reversed. That portion of the judgment based upon the order sustaining Hartford's general demurrer to the third count is affirmed. That portion of the judgment based upon the order sustaining Hartford's general demurrer to the fourth count is reversed. That portion of the judgment based upon the order sustaining Hartford's special demurrer to the second count is affirmed. Plaintiff will recover costs.

Sullivan, J., and Agee, J.,* concurred.

A petition for a rehearing was denied December 11, 1962, and respondents' petition for a hearing by the Supreme Court was denied January 16, 1963. Schauer, J., was of the opinion that the petition should be granted.

---

*Assigned by Chairman of Judicial Council.