[Civ. No. 29698.   Second Dist., Div. One.   Aug. 11, 1966.]

CARDOZA AUGUSTUS STRAUGHTER, Plaintiff and Appellant, v. SAFETY SAVINGS AND LOAN ASSOCIATION et al., Defendants and Respondents.

Harley E. Kempley for Plaintiff and Appellant.

McKenna & Fitting and James C. Peterson for Defendants and Respondents.

WOOD, P. J.—After a demurrer of defendant Safety Savings and Loan Association, and defendant Woods, to the first amended complaint had been sustained on all the grounds specified in the demurrer, plaintiff did not file an amended complaint within the time allowed for amending, and an order of dismissal was entered as to said defendants. Plaintiff appeals from the order.

Appellant contends that the first amended complaint states facts sufficient to constitute a cause of action and that the allegations therein are not uncertain or ambiguous.

The allegations of the first amended complaint are in substance, as follows: At all times mentioned, plaintiff was a licensed real estate broker. Between July 1, 1959, and July 1, 1963, defendants without the knowledge or consent of plaintiff, used plaintiff's said license and conspired and connived to collect, and collected, commissions for obtaining loans and securing deposits for defendants; and defendants concealed from plaintiff the amount of commissions so collected. Defendants, in carrying out such conspiracy, would list plaintiff as the broker for securing the loans and deposits, would collect the commissions in plaintiff's name, and would appropriate the commissions to defendants' own use. Defendants refused to furnish plaintiff with broker's statements showing the commissions to be paid to the broker and showing the disbursement of funds, as required by law. Plaintiff did not know that defendants were so collecting and appropriating commissions until November 7, 1963, at which time plaintiff made a written demand to defendants to account for said commissions and to furnish plaintiff with the required broker's statements. Defendants refused to account for said commissions, refused to furnish said broker's statements, and

refused to pay plaintiff said commissions. Plaintiff is informed and believes, and thereon alleges, that defendants collected commissions in the sum of $350,000, which sum is now due, owing and unpaid from defendants to plaintiff.

The prayer is that defendant be required to account for all commissions collected under plaintiff's name; that defendants be required to furnish broker's statements and all other records for each transaction where a commission was collected in plaintiff's name; for $350,000, or such other sum as may be found due to plaintiff; and for such further relief as may be proper.

The demurrer (to the first amended complaint) states that the complaint fails to state facts sufficient to constitute a cause of action. It also includes alleged grounds for special demurrer as follows: The complaint fails to allege any agreement, oral or written, by any of the defendants to pay any brokerage commission or compensation of any kind to plaintiff; such an agreement is required to be in writing by section 1973, subdivision 5, of the Code of Civil Procedure, and by section 1624, subdivision 5, of the Civil Code; in the absence of such written agreement plaintiff has no lawful claim for commissions; and plaintiff has accordingly suffered no actionable damages from the alleged conspiracy. The complaint is uncertain and ambiguous in that it cannot be ascertained therefrom in what manner defendants (a) "used" plaintiff's real estate brokerage license, (b) "listed" plaintiff as a broker and "collected commissions in the name of plaintiff," and (c) "conspired and connived" to prevent him from collecting said commissions.

The demurrer was sustained "on all grounds specified" therein, and plaintiff was allowed 15 days within which to amend the complaint. The order of dismissal was entered after plaintiff had not amended within said time.

Appellant contends that the first amended complaint states facts sufficient to constitute a cause of action and that the allegations therein are not uncertain or ambiguous. He asserts that the allegations meet the requirements for stating a cause of action for conspiracy as set forth in *Hege* v. *Worthington, Park & Worthington*, 209 Cal.App.2d 670, 678 [26 Cal.Rptr. 132]. He also asserts that the theory of his first amended complaint is that defendants, by using plaintiff's name and brokerage license, unlawfully collected commissions in various transactions, and the commissions rightfully belong to plaintiff. With reference to the purported uncertainty and ambigu-

ity of the allegations, appellant asserts that the facts relating to the transactions are wholly within the knowledge of defendants.

It is to be noted that plaintiff elected not to amend the complaint after having been given an opportunity to amend it. ▮ "When a plaintiff is given the opportunity to amend and elects not to do so, the presumption is that he has stated as strong a case as he can. In such a situation, strict construction is required." (*Vaughn* v. *Certified Life Ins. Co.*, 238 Cal.App.2d 177, 180 [47 Cal.Rptr. 619].) ▮ Where, as in the present case, the demurrer was sustained on all grounds (general and special) specified therein, "if the complaint is objectionable on any ground, the judgment of dismissal must be affirmed." (*Ibid.*)

As above stated, appellant asserts that the complaint states a cause of action for "conspiracy," and in support of his assertion he cites the *Hege* case, *supra* (p. 678), as follows: "To state a cause of action for conspiracy facts must be alleged which show the formation and operation of a conspiracy, the wrongful acts of any of the conspirators pursuant thereto, and damage resulting therefrom. [Citations.] The gist of the action is damage. [Citation.] No cause of action exists for conspiracy itself; the pleaded facts must show something which, without the conspiracy, would give rise to a cause of action." There is no allegation in the first amended complaint that plaintiff rendered any services for, or had any contractual or other relationship with, defendants or the third persons from whom the purported commissions were collected. As above shown, it is alleged therein that the commissions were collected by defendants without the knowledge or consent of plaintiff. There is no allegation therein that defendants unlawfully collected commissions, appropriated the proceeds to their own use, and concealed the collection from plaintiff. There is no allegation that plaintiff suffered financial loss, pecuniary damage to his business or reputation, or damage of any kind, as a result of defendants' alleged misconduct. It is alleged that plaintiff is a licensed real estate broker, but there is no allegation that he performed services, or was damaged in that capacity. The allegations do not state that the commissions were real estate commissions,—there is an allegation that defendants collected commissions for securing loans and deposits for defendants. ▮ The substance of the allegations is that defendants "conspired and connived" to collect such commissions, and, pursuant to such conspiracy, "used" plaintiff's brokerage license and "listed" plaintiff as the

broker for securing said loans and deposits. As above stated, however, the demurrer specifically stated that the words "used," and "listed," and "conspired and connived," were uncertain and ambiguous in that it could not be ascertained therefrom in what manner the license was used, or that plaintiff was listed, or that defendants conspired and connived. It appears that the allegations containing those quoted words are conclusions of law, and are not deemed admitted by a demurrer. (See *Hancock* v. *Burns,* 158 Cal.App.2d 785, 790 [323 P.2d 456]; and *Jones* v. *American President Lines, Ltd.,* 149 Cal.App.2d 319, 322 [308 P.2d 393].)

As above indicated, plaintiff cites the *Hege* case, *supra,* in support of his contention that a cause of action for conspiracy has been stated. That case states (p. 678) that: "No cause of action exists for conspiracy itself; the pleaded facts must show something which, without the conspiracy, would give rise to a cause of action." (See, also, *Riner* v. *Paskan,* 213 Cal.App.2d 499, 503 [28 Cal.Rptr. 846].)  In the present case, there are allegations to the effect that defendants unlawfully collected commissions in plaintiff's name, appropriated the commissions to defendants' own use, and concealed the transaction from plaintiff. There is no allegation, however, that plaintiff was damaged by the alleged wrongful conduct. Furthermore, some of the allegations with reference to defendants' conduct are conclusions of law. It thus appears that the facts pleaded do not "show something which, without the purported conspiracy, would give rise to a cause of action."

 The demurrer, which was sustained on all grounds specified therein, also stated in effect that since there was no allegation with reference to any memorandum showing plaintiff's interest in the commissions, the applicable code provisions relating to the statute of frauds would preclude any lawful claim by plaintiff for commissions. This portion of the demurrer was properly sustained. In *Franklin* v. *Hansen,* 59 Cal.2d 570, 575 [30 Cal.Rptr. 530, 381 P.2d 386], it is said that a licensed real estate broker " 'is presumed to know that contracts for real estate commissions are invalid and unenforceable unless put in writing and subscribed by the person to be charged.' "

 Appellant asserts, however, that "this is not the usual transaction where a real estate broker is suing a party to collect a commission for a service performed by the broker on behalf of the defendant. . . . This is an action for money, collected by respondents, under the name and for the benefit of

the appellant. . . ." It thus appears that appellant claims to have alleged a cause of action for money had and received, as well as a cause of action for "conspiracy." There are allegations that defendants collected the commissions in plaintiff's name and appropriated them to defendants' use, but there is no allegation, as asserted in appellant's brief, that the money was received by defendants *for the use or benefit of plaintiff*. Even if it be assumed that the allegations are sufficient to state a cause of action for money had and received, it has been said frequently that where a common count appears to be based upon the same facts specifically pleaded in another cause of action which is subject to demurrer, the common count is likewise subject to demurrer. (See cases cited in 1 Chadbourne, Van Alstyne, and Grossman, California Pleading, § 790, p. 716; 2 Witkin, Cal. Procedure (1954) Pleading, § 273, p. 1248.) In the present case, the first amended complaint is in the form of a single cause of action which, in addition to the purported common count allegations, contains many specific allegations of wrongful conduct by defendants, which specific allegations do not state facts sufficient to constitute a cause of action. As previously stated, there is no allegation that any relationship, contractual or otherwise, existed between plaintiff and defendants, or between plaintiff and any third person from whom the commissions purportedly were collected, and no pleading which would give rise to a promise to pay commissions to plaintiff. In *Vaughn* v. *Certified Life Ins. Co., supra,* 238 Cal.App.2d 177, 181 [47 Cal.Rptr. 619], wherein the plaintiff failed to state a cause of action in a common count, it is said: "[A] common count, to be sufficiently pleaded, must state not only the indebtedness of the defendant but also directly or impliedly the relationship or the express or implied legal principle upon which a promise to plaintiff is predicated. . . . 'A complaint is not good as a common count unless it either expressly alleges a promise by defendant to pay or alleges facts from which such a promise is implied by law.' . . . Where the money is paid by one person to another, the presumption is that it was due the latter [citation], and private transactions are presumed to have been fair and regular. . . ."

Plaintiff's first amended complaint does not state facts sufficient to constitute a cause of action, and defendants' demurrer thereto was properly sustained.

The order of dismissal is affirmed.

Fourt, J., and Lillie, J., concurred.